FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 10 2017

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 1: 17-CR-97 |
| v. | § | Hon. Chief Judge Ron Clark |
| | § | (WDLA No. 2:17-CR-123) |
| EVA RENEE POWELL | § | [Rule 20 Transfer] |

## PLEA AGREEMENT

The defendant, **Eva Renee Powell**, the defendant's attorney, John D. McElroy, and the United States Attorney for the Eastern District of Texas, on the transfer of the above-styled and numbered cause to the Eastern District of Texas from the Western District of Louisiana, pursuant to Fed. R. Crim. P. 20, agree to the following, pursuant to **Fed. R. Crim. P. 11(c)(1)(C)**:

1. **RIGHTS OF THE DEFENDANT**: The defendant understands that accused individuals have the following rights, among others:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have guilt proved beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in defense; and

    e. to not be compelled to testify against oneself.

2. **WAIVER OF RIGHTS AND PLEA OF GUILTY**: The defendant waives these rights and agrees to enter a plea of guilty to Count One of the indictment returned by a

federal grand jury in the Western District of Louisiana, which charges a violation of 18 U.S.C. § 2113(a), Bank Robbery, as demonstrated by the "Consent to Transfer Case for Plea and Sentence (Under Rule 20)" document which has been filed in the above-styled and numbered cause and which is incorporated by reference. The defendant understands the nature and elements of the crime to which guilt is admitted and agrees that the factual statement the defendant has signed is true and will be submitted as evidence.

3. **SENTENCE**: The maximum penalties the Court can impose include:

   a. imprisonment for a period not to exceed 20 years;

   b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of not more than 3 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

   d. a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk before sentencing;

   e. forfeiture of property involved in or traceable to the criminal offense;

   f. restitution to victims or to the community; and

   g. costs of incarceration and supervision.

4. **AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(C)(1)(C)**: The parties agree that the following stipulations yield the appropriate sentence in this case:

   a. The defendant will be sentenced to a term of imprisonment for **51 months** on the instant case, which shall be served concurrently with the sentence to be

served by the defendant in *United States v. Eva Renee Powell*, Cause No. 1:17-CR-36, in the Eastern District of Texas.

b.     The defendant will forfeit property as set forth in paragraph 6 of the Plea Agreement contemplated in connection with *United States v. Eva Renee Powell*, Cause No. 1:17-CR-36.

c.     The Court will determine and impose any fine, restitution, community service, special assessment or term of supervised release deemed appropriate.

The parties understand that the Court may decline to accept this agreement. If the Court does not accept the agreement, the defendant will be given the opportunity to withdraw from the plea.

5.     **RESTITUTION**: The defendant understands that restitution may be ordered by the Court. The defendant agrees that restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual statement. The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

6.     **GOVERNMENT'S AGREEMENT**: The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax related criminal charges based upon the conduct underlying and related to the defendant's plea of guilty, except for conduct charged in Count One of the indictment in cause number 1:17-CR-36, previously referenced. After sentencing, the government will dismiss any

remaining criminal charges of the indictment against this defendant in this District. Additionally, the government agrees that the sentence in the instant case shall run concurrently with the sentence to be imposed against the defendant in cause number 1:17-CR-36, pending in this Court, to which the defendant has or will plead guilty under the terms of a plea agreement to be executed and submitted to the Court in such cause.

7. **VIOLATION OF AGREEMENT**: The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution.

8. **VOLUNTARY PLEA**: This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

9. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the failure of the Court, after accepting this agreement, to impose a sentence in accordance with the terms of this agreement. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

Plea Agreement – Page 4
Rev. 8/01/16 (7/14/2017)

10. **WAIVER OF RIGHT TO RECORDS**: The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

11. **REPRESENTATION OF COUNSEL**: The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

12. **LIMITATIONS ON THIS AGREEMENT**: This agreement is only binding on the United States Attorney's Office for the Eastern District of Texas, and, pursuant to Fed. R. Crim. P. 20, the United States Attorney for the Western District of Louisiana; it does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

13. **ENTIRETY OF AGREEMENT**: <u>This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49, in the instant case, and contemplates similar plea documents in the companion case, namely, Cause No.</u>

Plea Agreement – Page 5
Rev. 8/01/16 (7/14/2017)

<u>1:17-CR-36, pending in this Court and referenced, above.</u>  References in this document to "agreement" or "Plea Agreement" refer to both this document and the sealed addendum as well as to the plea documents in 1:17-CR-36.  The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case.  It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties.  No other promises have been made or implied.

Respectfully submitted,

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

Dated: 7/14/2017

RANDALL L. FLUKE
Assistant United States Attorney

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

Dated: 7-19-2017

EVA RENEE POWELL
Defendant

I am counsel for the defendant.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 7-14-17

JOHN D. MCELROY
Attorney for Defendant